IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **APRIL ADEMILUYI**, *Plaintiff*, | * * * |
| v. | * CIVIL ACTION NO. RWT-14-0358 |
| **DAVID LEE PHILLIPS** *Defendant*. | * * * * |

## MEMORANDUM OPINION

On February 6, 2014, the Plaintiff filed a Complaint in this Court claiming various harms arising from an alleged sexual battery that occurred in Tampa, Florida, and subsequent interactions and legal proceedings between the parties. ECF No. 1. On February 26, 2014, the Defendant filed a Motion to Dismiss, alleging lack of personal jurisdiction and failure to state a claim under Rule 12(b)(6). Def. Mot. to Dismiss, ECF No. 6. The motion alternatively requests that the case "be transferred either to Florida or to Nevada, the residence of the Defendant." *Id.* at 3. On March 5, 2014, the Plaintiff filed an Amended Complaint, ECF No. 11, and on March 10, 2014, responded to the Defendant's Motion to Dismiss. ECF No. 12. An amended complaint does not render a motion to dismiss moot if the amended complaint suffers from the same defects of the original. *See MHD-Rockland Inc. v. Aerospace Distributors Inc.*, CCB-13-cv-2422, 2014 WL 31677 (D. Md. Jan. 3, 2014). Both parties concede that the original motion should apply to the Amended Complaint. On March 27, 2014, the Defendant filed a Reply. ECF No. 14.

A federal district court may exercise personal jurisdiction over a nonresident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). As Maryland law permits long-arm jurisdiction to the fullest extent permitted by the

limits of constitutional due process, the constitutional test for personal jurisdiction applies. *Id.; see also Stover v. O'Connell Assocs. Inc.,* 84 F.3d 132, 136 (4th Cir.1996) ("Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries essentially become one."). The inquiry asks whether the "defendant purposefully avails itself of the privilege of conducting activities within the forum state" and whether the defendant's activities "create a substantial connection between himself and the forum state." *Stover*, 84 F.3d at 136 (internal quotations omitted).

To establish minimum contacts with a forum, two potential types of adjudicatory authority exist—general jurisdiction and specific jurisdiction. *Ohio Learning Centers, LLC v. Sylvan Learning, Inc.*, 2012 WL 1416905, *2 (D. Md. 2012). When the basis for the suit arises out of the nonresident defendant's specific contacts with the forum state, those contacts may establish specific jurisdiction. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). While specific jurisdiction may arise out of "single or occasional acts" in a state, jurisdiction does not extend to matters unrelated to the nonresident's connections with the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011). To determine whether specific jurisdiction exists, courts will consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Carefirst*, 334 F.3d at 397 (internal quotation marks and citation omitted).

Even when a nonresident defendant's contacts with the forum state are not the basis for the suit, a court may exercise adjudicatory authority through general jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). A court may assert general jurisdiction if the nonresident maintains "continuous and systematic" contacts with the forum state. *Carefirst*, 334 F.3d at 397 (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002), *cert. denied*, 537 U.S. 1105, 123 S.Ct. 868, 154 L.Ed.2d 773 (2003)). Thus, when nonresidents maintain substantial contact with a forum, jurisdiction may still be proper over actions arising from matters wholly separate from the nonresidents' relationship with the forum. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Plaintiff appears to argue that both types of personal jurisdiction exist in this case. Her arguments in support of general jurisdiction—for example, that the Defendant often travels to the Washington, DC area, and that they both attended a bar association event in Baltimore—are insufficient to show that the Defendant engaged in continuous and systematic contact with the state of Maryland. *See Carefirst*, 334 F.3d at 397.

The Plaintiff also fails to make a showing of specific jurisdiction. The torts that are the subject of the Amended Complaint occurred in Florida and Nevada. The Plaintiff alleges that by serving documents on her, sending her communications, and causing her to suffer harm in Maryland, the Defendant had sufficient contacts with the state to assert specific jurisdiction over him. The Plaintiff's tort claims do not arise out of activities directed at the state of Maryland but rather acts that took place in other states. The Defendant did not purposefully avail himself of the privilege of conducting activities in this state. Under the Plaintiff's logic, if a tort is committed in one state, personal jurisdiction would be proper anywhere in the country where the person who suffered harm

may travel. That is simply not the law and as much as the Court might wish to accommodate the Plaintiff by allowing her to litigate in her home state, to do so would exceed the jurisdiction of this Court. Therefore, this Court will grant the Defendant's motion to dismiss for lack of personal jurisdiction.

However, a district court may, in the interests of justice, transfer a civil case to any district or division where it might have been brought. *See* 28 U.S.C. § 1406(a). As between the two courts where this case could properly have been brought, the District of Nevada and the Middle District of Florida, the Court finds that the District of Nevada is a more appropriate venue. While most of the underlying acts took place in Florida, the witnesses to those acts were mostly there to attend an industry conference and are now likely spread throughout the country. As the Defendant resides in Nevada and the conduct underlying various allegations in the Amended Complaint including malicious prosecution and intentional infliction of emotional distress occurred in Nevada, on balance, the Court concludes that for the convenience of the parties and in the interest of justice, the proper venue is in the District of Nevada.

Accordingly, the Court will grant the Defendant's motion to dismiss for lack of personal jurisdiction. However, for the convenience of the parties and in the interest of justice, this case shall be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the District of Nevada. A separate order follows.

Date: <u>April 3, 2014</u>                                    <u>          /s/          </u>
                                                                        ROGER W. TITUS
                                                               UNITED STATES DISTRICT JUDGE

4