UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APRIL ADEMILUYI, ) | |
|       Plaintiff, ) | Case No.  2:14-cv-00507-MMD-CWH |
| vs. ) | **ORDER** |
| DAVID LEE PHILLIPS, ) | |
|       Defendant. ) | |

     This matter is before the Court on Plaintiff's Motion for Reconsideration (#35), filed on April 22, 2014.  Plaintiff requests that the Court reconsider its Order #34, which denied Plaintiff's Emergency Motion for Leave to Take Early Discovery (#4).

     The Court will deny Plaintiff's Motion for Reconsideration of Order #34 (#35).  While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

     On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief.  *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

1  A motion for reconsideration should not merely present arguments previously raised; that is, a
2  motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments
3  previously presented.  *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,*
4  194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely
5  because he or she is unhappy with the judgment.").

6  Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper.
7  Plaintiff fails to cite the standard for reconsideration or any points and authority in support of
8  reconsideration as required by Local Rule 7-2.  Further, Plaintiff filed the motion requesting
9  judicial assistance as an emergency, but failed to comply with Local Rule 7-5's requirements for an
10 emergency motion filing.  Additionally, the Court finds that the rationale for denying Plaintiff's
11 Emergency Motion for Leave to Take Early Discovery (#4) is supported by good cause.  The Court
12 ordered the parties to meet and confer and submit a proposed discovery plan and scheduling order
13 by May 14, 2014.  Plaintiff and Defendant may conduct discovery pursuant to the Federal Rules of
14 Civil Procedure after such a plan has been approved by the Court.  Furthermore, Plaintiff's only
15 justification for requesting reconsideration is that she has revised her opinion of the method for
16 receiving Defendant's phone records because "there is no other option."  The Court finds that this
17 justification fails to state any appropriate ground warranting reconsideration.

18  Based on the foregoing and good cause appearing therefore,

19  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#35) is **denied**.

20  DATED this 23rd day of April, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**