# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| APRIL ADEMILUYI, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-00507-MMD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DAVID LEE PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

  This matter is before the Court on Plaintiff's Motion to Enforce Subpoenas Issued to T-Mobile (#76), filed on June 28, 2014.  This matter is also before the Court on Plaintiff's Motion to Inquire About Status of Motion #76 (#84), filed on August 6, 2014, and Plaintiff's Motion to Amend Motion #76 (#87), filed on August 7, 2014.  The Court also considered Plaintiff's Certificate of Compliance (#79), filed August 4, 2014.

  Plaintiff issued subpoenas to T-Mobile on June 24, 2014, July 7, 2014, and July 9, 2014 for the phone records of Daryl Parks from April 2012 until April 2013.  She seeks a court order to receive the records directly claiming that T-Mobile objected by indicating that it would release the records to the court only.  On August 6, 2014, Senior Corporate Counsel for T-Mobile US, Inc. responded by indicating that they would prefer to submit the records to the court for in camera review to weigh the privacy rights of the non-party.  T-Mobile notes that public disclosure of phone records has been a contested issue in this case.  However, T-Mobile indicates that it is ready to produce the records and will provide them to Plaintiff directly if that is the court's directive.

  The Court finds good cause to grant Plaintiff's Motion to enforce the subpoenas issued to T-Mobile.  Plaintiff's Motion (#87) to amend her initial Motion (#76) by adding T-Mobile's response is granted.  The Court notes that T-Mobile did not raise an objection on behalf of the non-party, but merely expressed a preference as to the required form of production.  As such, the Court

finds that the phone records shall be produced directly to the Court and an in camera review is not needed at this time.

Plaintiff's Motion (#87) inquiring as to the status of Motion (#76) is denied. Plaintiff indicated that she was unaware that she cannot write a letter to the court. She is directed to review Federal Rule of Civil Procedure 7 in addition to Local Rule 7-6(b). Further, Plaintiff requested the status of a motion that was not ripe. Plaintiff should review Local Rule 7-2, which sets forth the briefing schedule for all motions. As an attorney and party to this action, Plaintiff must abide by the Federal Rules of Civil Procedure and this Court's Local Rules.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Subpoenas Issued to T-Mobile (#76) is **granted to the extent that T-Mobile may provide the phone records directly to Plaintiff rather than the Court**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Inquire About Status of Motion #76 (#84) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Motion #76 (#87) is **granted**.

DATED this 11th day of August, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**