1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

APRIL ADEMILUYI,                              )
                                              )
                    Plaintiff,                )     Case No.  2:14-cv-00507-MMD-CWH
                                              )
vs.                                           )     **ORDER**
                                              )
DAVID LEE PHILLIPS,                           )
                                              )
                    Defendant.                )
_____)

This matter is before the Court on Plaintiff's Motion to Strike Ex Parte Communications to Chambers on Substantive Issues (#93), filed August 13, 2014; Plaintiff's Motion for Recusal of Magistrate Judge (#94), filed August 14, 2014; Plaintiff's Motion to Amend/Correct (#96), filed August 14, 2014; Plaintiff's Motion to Instruct Counsel to File Motion (#98), filed August 15, 2014; Defendant's Response (#102), filed September 4, 2014; and Plaintiff's Reply (#103), filed August 28, 2014.  It is also before the Court on non-party Daryl Parks' Memorandum (#95), filed August 14, 2014.

## 1.  Plaintiff's Motion to Strike (#93)

Recitation of the factual and procedural background of this case is not necessary to resolve the motions currently before the Court, all of which stem from an attempt by non-party T-Mobile to avoid its obligations under the Court's order granting Plaintiff's motion to compel production of certain telephonic records.  (#88).  The undersigned has spent considerable time reviewing Plaintiff's briefing and agrees with her: the conduct of counsel for T-Mobile in contacting the undersigned's chambers in an attempt to avoid compliance with the Court's order to produce subpoenaed records was improper.  Compounding the initial impropriety is counsel for T-Mobile's assertion in an email communication to Plaintiff, sent shortly after the Court entered its order

granting Plaintiff's motion to compel (#76), inferring that the undersigned withdrew or stayed the order as a result of the attempted *ex parte* communication. *See* Exhibits attached to Pl.'s Mot. (#93). This assertion is incorrect.

Plaintiff is understandably upset. Any litigant in her position would respond precisely as she has in questioning the impartiality of a judge who allegedly withdrew or stayed an order based on an *ex parte* communication. Plaintiff may rest assured that at no time did the undersigned withdraw, stay, or otherwise alleviate T-Mobile from compliance with the order. That said, counsel for T-Mobile <u>did</u> contact the undersigned's chambers as is indicated in her email. For the record, this was not the first time T-Mobile contacted chambers. Shortly after Plaintiff filed her motion to compel (#76), counsel for T-Mobile contacted chambers requesting that she not be put to the effort of filing a formal response to the motion. Instead, she desired to simply produce all responsive documents *in camera* and let the undersigned figure out which were responsive and which were not. T-Mobile's counsel was informed that she would not be permitted to deposit the documents in the undersigned's chambers as requested, and that she should file a response to the motion to compel as is the normal course when served with a motion to compel compliance with a Rule 45 subpoena.[1]

Unable or unwilling to bring itself to file a formal response to the motion, T-Mobile submitted a letter to the Court, which was received in the Clerk's office on August 11, 2013. (#89). The letter states, in pertinent part, as follows:

Please accept this letter in lieu of a more formal response to the Plaintiff's Motion to Enforce Subpoenas . . . . T-Mobile welcomes the court's intervention and guidance concerning the method of delivery of the subpoenaed records . . . . The records sought in the instant subpoenas belong to a non-party, who has been identified by plaintiff as a potential additional defendant. T-Mobile would prefer to submit the records to the Court for an in camera review to weigh the privacy rights of the non-party against plaintiff's evidential need for the same. However, if the court determines that the records should instead be sent directly to plaintiff via email, T-Mobile will readily abide by the order. It should be noted that the records described in the subpoenas have been compiled and are ready to be produced in any way directed by the court.

*See* Dkt. (#89). After review of the letter, the Court entered its order granting the motion to compel

---

[1] The undersigned was surprised to learn that a company as large as T-Mobile, which must receive several Rule 45 subpoenas during the normal course of its business operations, was unable or unwilling to simply file a response to the motion.

(#76) and held as follows:

> The Court finds good cause to grant Plaintiff's Motion to enforce the subpoenas issued to T-Mobile . . . . The Court notes that T-Mobile did not raise an objection on behalf of the non-party, but merely expressed a preference as to the required form of production . . . . **IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Subpoenas Issued to T-Mobile (#76) is **granted to the extent that T-Mobile may provide the phone records directly to Plaintiff rather than the Court.**

Order (#88).

A couple of days after the order was entered, counsel for T-Mobile contacted chambers a second time and spoke directly with the undersigned. Counsel explained that she had been informed that the non-party whose records had been subpoenaed intended to file an opposition. For the second time, counsel for T-Mobile was instructed to file whatever motion or request for relief she sought in writing on the docket. Though not routine, the Court often gets calls from litigants and attorneys requesting guidance on administrative matters. It is a very rare occurrence, particularly when dealing with licensed counsel, that such inquiries become something more than administrative. In the event they do, they are dealt with in a consistent manner: the inquiring party is informed that the Court does not give out legal advice and any request for relief should be filed and served in compliance with Local and Federal Rules.

Rather than comply with the simple instruction, T-Mobile misstated, in an email to Plaintiff, the nature of the communications, apparently in an effort to avoid the requirement to comply with the order. She also inferred in the email that the undersigned stayed the order during an *ex parte* communication in order to allow time for resolution of the unfiled opposition. T-Mobile's counsel was incorrect and confused about her obligation to comply with the Court's order. Thus, to the extent it is necessary, the Court will grant Plaintiff's motion to strike the *ex parte* communication (#93).

### 2.  Plaintiff's Motion to Instruct Counsel to File Motion (#98)

On August 14, 2014, three days after the Court entered its order granting Plaintiff's motion to compel (#76), non-party Daryl Parks filed a response in opposition to the motion. (#95). Plaintiff is correct that the response is untimely. Thus, the Court will strike the filing and require that Mr. Parks file a motion for reconsideration, which accurately sets forth the standards for

reconsideration and the basis upon which reconsideration is sought.  Plaintiff will have an opportunity to respond.

### 3. Plaintiff's Motion to Recuse (#94) and (#96)

Understandably, after receiving the email communication from counsel for T-Mobile that incorrectly inferred that the order on the motion to compel had been stayed, Plaintiff filed a motion for the undersigned to recuse.  "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)).  There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455.  Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

### A.   28 U.S.C. § 144

Judicial integrity is imperative.  *Stone v. Powell*, 428 U.S. 465 (1976).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The legal sufficiency of the motion is determined by the judge against whom recusal is sought. *United States v. Azhocar*, 581, F.2d 735, 738 (9th Cir. 1978).  Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to "proceed no further" in the case.  *Id.* (citations omitted).  The affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter pending and must give support to the charge of a bent of mind that may prevent or impede impartiality or judgement."  *Hussein v. University and Community College System of Nevada*, 2010 WL 3385298 (D. Nev.) (citation omitted).  The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Id.* (citation omitted).

The undersigned declines to recuse under section 144.  The basis for the request is the false

4

1   assertion that the undersigned engaged in *ex parte* communications.  No such conduct occurred.

2   Further, Plaintiff has not submitted a sufficient affidavit to support recusal under section 144.  *See*

3   *United States v. Perry*, 1990 WL 43730 (D. Nev.) (the affidavit filed pursuant to section 144 must

4   allege specific facts that fairly support the contention that the judge exhibits bias or prejudice that

5   stems from an extrajudicial source).

6   **B.    28 U.S.C. § 455**

7          Section 455, unlike section 144, sets forth no procedural requirements.  It is self-enforcing

8   on the part of the judge who must recuse himself if a reasonable person with knowledge of all the

9   facts would conclude that the judge's impartiality might reasonably be questioned.  *See United*

10  *States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980).  Section 455 (a) and (b) provide separate, but

11  overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in

12  which [a judge's] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  In contrast,

13  subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances.  28

14  U.S.C. § 455(b)(1-5).[2]

15         Under either subsection, recusal is appropriate when "a reasonable person with knowledge

16  of all the facts would conclude that the judge's impartiality might reasonably be questioned."

17  *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quotation omitted).  The source of any

18  alleged bias must be extrajudicial.  *Liteky v. United States*, 510 U.S. 540 (1988).  Unless the

19  judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment

20  impossible," judicial bias or prejudice formed during current or prior proceedings is insufficient for

21  recusal.  *Id.* at 541; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for

22  recusal "in the rarest of circumstances."  *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30

23  F.3d 1144, 1149 (9th Cir. 1994).

24         Although a judge must recuse himself from any proceeding in which any of the above-noted

25

26         [2]  These circumstances include when a judge: (1) has a personal bias or prejudice concerning a party, or
     personal knowledge of disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the
27   matter in controversy when in private practice; (3) has served in government employment and in such capacity
     participated in the case; (4) knows that he or a family member has a financial interest in the case; or (5) when he
28   or a family member is a party to the suit.

criteria apply, he must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F.Supp.2d 1198, 1200–01 (E.D. Cal. 2010).

After extensive review of the record, the undersigned concludes the recusal is not necessary under section 455. The primary basis for the recusal request is the alleged *ex parte* communication with counsel for T-Mobile. Plaintiff also indicates general displeasure with other rulings, but disagreement with the rulings is not a ground to recuse. The undersigned has neither a relationship with nor any bias or prejudice toward any party in this case. Though Plaintiff has disagreed with some orders, she has received orders in her favor as well, including an order on the motion to compel (#76). No order has been entered based on extrajudicial considerations, and the undersigned has no personal bias or prejudice concerning Plaintiff. The undersigned's orders throughout this case have been decided fairly and impartially. Additionally, the undersigned has focused on providing a determination on the merits of any motion, and Plaintiff has not been precluded from filing motions for reconsideration or objections.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#93) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall **strike** Non-Party Daryl Parks' Memorandum (#95). Any motion for reconsideration of the Court's Order (#88) shall be filed not later than **Wednesday, September 24, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Instruct Counsel to File a Motion (#98) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct (#96) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (#94) is **denied**.

**IT IS FURTHER ORDERED** that T-Mobile shall produce the subpoenaed records that are the subject of the Court's Order (#88) directly to Plaintiff by **Friday, September 19, 2014**.

DATED: September 17, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**