UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APRIL ADEMILUYI,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>DAVID PHILLIPS,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cv-00507-MMD-CWH<br><br>ORDER<br><br>(Plf's Emergency Motion for Writ of Mandamus – dkt. no. 112) |

　　　　Before the Court is Plaintiff April Ademiluyi's Emergency Motion for Writ of Mandamus ("Emergency Motion"). (Dkt. no. 112.) For the reasons set out below, the Emergency Motion is denied.

　　　　On August 14, 2014, Plaintiff filed a Motion for Recusal of Magistrate Judge Carl W. Hoffman ("Motion for Recusal"). (Dkt. no. 94.) The Motion for Recusal was fully briefed and ripe on August 28, 2014. (Dkt. no. 103.) Plaintiff filed an Emergency Motion for Writ of Mandamus ten (10) days later, on September 7, 2014. (Dkt. no. 106.) That motion was denied on September 9, 2014. (Dkt. no. 108.) Plaintiff filed the instant Emergency Motion two days later. (Dkt. no. 112.) On September 17, 2014, Judge Hoffman entered an order denying the Motion for Recusal. (Dkt. no. 116.)

　　　　The Emergency Motion asks this Court to stay the proceedings until this Court either rules on the Motion for Recusal "or if necessary reviews Magistrate Hoffman's denial of the recusal motion." (Dkt. no. 116 at 1.) To the extent Plaintiff's request is to stay proceedings until Judge Hoffman has ruled on the Motion for Recusal, that request is now moot. To the extent Plaintiff's request is for this Court to stay proceedings until

1  this Court has reviewed Judge Hoffman's denial of the Motion for Recusal, that request
2  is premature as Judge Hoffman's order regarding the Motion for Recusal is not properly
3  before this Court for review.
4     The Emergency Motion also asks this Court to decide the Motion for Recusal "or
5  in the alternative direct Magistrate Hoffman to rule upon the pending Motion for
6  Recusal." (*Id.*) As Judge Hoffman has ruled on the Motion for Recusal, this request is
7  now moot. The Emergency Motion is therefore denied.
8     Further, this Court's exercising of its power under the All Writs Act to issue writs of
9  mandamus "is an extraordinary remedy limited to 'extraordinary causes.'" *Clemens v.*
10 *U.S. Dist. Court for Cent. Dist. Of Cal. v. California*, 428 F.3d 1175, 1177 (9th Cir. 2005)
11 (*citing Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d
12 1142, 1146 (9th Cir. 2005)). "The Supreme Court has concluded that "only exceptional
13 circumstances amounting to a judicial 'usurpation of power' will justify the invocation of
14 this extraordinary remedy." *U.S. v. Romero-Ochoa*, 554 F.3d 833, 839 (9th Cir. 2009)
15 (citations omitted). Therefore, "[i]n order to gain the benefit of the writ, the party must
16 have no other recourse; the right to the writ must be 'clear and indisputable'; and the
17 appellate court must be satisfied that the writ is appropriate under the circumstances."
18 *Clemens*, 428 F.3d at 1177 (citation omitted).
19    The Ninth Circuit is guided by five principles in determining whether to grant a
20 mandamus petition: "(1) The party seeking the writ has no other adequate means, such
21 as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be
22 damaged or prejudiced in a way not correctable on appeal.... (3) The district court's
23 order is clearly erroneous as a matter of law. (4) The district court's order is an oft-
24 repeated error, or manifests a persistent disregard of the federal rules. (5) The district
25 court's order raises new and important problems, or issues of law of first impression."
26 *Romero-Ochoa*, 554 F.3d at 839 (citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-
27 55 (9th Cir. 1977)). These principles are meant to inform a court's decision whether to
28 grant a mandamus petition, but "are not meant to supplant reasoned and independent

analysis by appellate courts." *United States v. Harper*, 729 F.2d 1216, 1222 (9th Cir. 1984) (internal quotation omitted).

Plaintiff has not demonstrated extraordinary circumstances that would warrant the Court's invocation of mandamus.

As the Court mentioned in its previous order, Plaintiff has adequate means to achieve the relief she desires through the proper procedural mechanisms for challenging orders entered by Magistrate Judges. (Dkt. no. 108 at 1–2.) Plaintiff is directed to the local rules, for example, which allow Plaintiff to ask for reconsideration of a Magistrate Judge's order. *See* LR 3-1. As mentioned in the Court's previous order, Plaintiff will have an opportunity to ask this Court to review Judge Hoffman's decision on the Motion for Recusal. (Dkt. no. 108 at 1-2.) Plaintiff will not be damaged or prejudiced in a way that will not be correctable should this Court find that recusal is appropriate on reconsideration. Indeed, the Court again reminds Plaintiff that she can challenge any orders entered by Judge Hoffman pursuant to the local rules and, in the event this Court finds that recusal is appropriate, Plaintiff may take steps to argue Judge Hoffman's orders were tainted by bias. The Court will not review Judge Hoffman's order regarding the Motion for Recusal or his orders denying Plaintiff's motions for extension of time as there are proper avenues of procedural recourse available.

It is hereby ordered that Plaintiff's Emergency Motion (dkt. no. 112) is denied.

DATED THIS 18th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE