# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| APRIL ADEMILUYI, | ) |
|           Plaintiff, | ) Case No. 2:14-cv-00507-MMD-CWH |
| vs. | ) **ORDER** |
| DAVID LEE PHILLIPS, *et al.*, | ) |
|           Defendants. | ) |

## **INTRODUCTION**

Before the Court is interested party Daryl Parks's ("Parks") Motion for Reconsideration of the Magistrate Judge's Order (doc. # 121), filed September 24, 2014, and Plaintiff April Ademiluyi's ("Plaintiff") response (doc. # 124), filed October 12, 2014. No reply was filed.

## **BACKGROUND**

This case arises out of the alleged predatory sexual behavior of Defendant David Lee Phillips ("Defendant"), who purportedly drugged Plaintiff in Parks's hotel room during a party, after which Defendant left the party with Plaintiff and subjected her to sexual battery. See Doc. # 11. In pursuing her case pro se, Plaintiff issued subpoenas to T-Mobile on June 24, 2014, July 7, 2014, and July 9, 2014 for Parks's phone records from April 2012 to April 2013. Then, on July 28, 2014, Plaintiff filed a motion to enforce the subpoenas issued to T-Mobile, which this Court granted on August 11, 2014. See Doc. # 76; Doc. # 88. Parks now brings the instant motion for this Court to reconsider its prior order and to deny enforcement of Plaintiff's subpoenas to T-Mobile.

## **DISCUSSION**

**1. Legal Standard**

Although the Federal Rules of Civil Procedure ("FRCP") do not explicitly recognize a petition

for rehearing or motion to reconsider an interlocutory order, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 105 (9th Cir. 1958); Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571-72 (7th Cir. 2006). A court has discretion to depart from a prior order when: (1) the first decision was clearly erroneous; (2) there has been an intervening change in law; (3) the evidence on remand is substantially different; (4) other charged circumstances exist; or (5) a manifest injustice would otherwise result. See Cuddy, 147 F.3d at 1114; Nunes v. Ashcroft, 375 F.3d 805, 807-08 (9th Cir. 2004).

However, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Moreover, a motion for reconsideration is properly denied when the unsuccessful party uses the motion as a vehicle for reiterating arguments previously presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir.1995); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D.Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

**2.    Analysis**

    **a.    Intervention of Right and Standing**

As a preliminary matter, this Court determines whether Parks has standing to bring a motion for reconsideration to quash Plaintiff's subpoenas issued to T-Mobile for Parks's cell phone records.

Under Rule 24(a) of the FRCP, third parties may intervene by filing a motion to quash a subpoena for the limited purpose of protecting a personal interest or privilege. See Coulter v. Murrel, No. CIV 10-102 IEG NLS, 2011 WL 666894, at *2 (S.D. Cal. Feb. 14, 2011). Regardless of whether a third party proceeds under Rule 24, courts have found that while a motion to quash is normally made by the person or entity to which the subpoena is directed, an exception applies where the party seeking to challenge the subpoena has a personal right or privilege regarding the subject matter requested in the subpoena. Id.

Here, although T-Mobile should properly be bringing the motion for reconsideration to quash Plaintiff's subpoenas, Parks may also bring the motion so long as he is able to meet the personal interest or privilege requirement. This Court finds that Parks does have a personal interest in securing

the privacy of his cell phone records, notwithstanding the possibility that these records might contain information protected by the attorney-client privilege and work product doctrine.[1] Thus, the Court will allow Parks to intervene in the instant case for the limited purpose of opposing Plaintiff's subpoenas.

### b. Subpoenas to T-Mobile

Having decided that Parks has standing to bring his motion, this Court now determines whether there is any merit to Parks's motion to quash Plaintiff's subpoenas to T-Mobile.

Rule 45 sets forth the duties and obligations of parties issuing subpoenas, and provides that a court must modify or quash a subpoena that: (1) does not allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or protected matters; or (4) subjects a person to undue burden. Fed.R.Civ.P. 45(d)(3)(a). Courts also consider other factors in deciding motions to quash or modify a subpoena, including the breadth or specificity of the discovery request, and the relevance of the requested information. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

In determining relevance, a court is guided by Rule 26 of the FRCP, which is incorporated by Rule 45 and states that discovery may be obtained "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1); In re Subpoena of DJO, LLC, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (discovery standards under Rule 26 are incorporated by Rule 45). In further clarifying this rule, the Advisory Committee has declared that it "intends... the parties and the court [to] focus on the actual claims and defenses involved in the action" and, in doing so, a court "has the authority to confine discovery to claims and defenses asserted in the pleadings, and signal[..] to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed.R.Civ.P. 26(b)(1), Advisory Committee Notes, 2000 Amendments.

In his motion, Parks contends that Plaintiff fails to show the cell phone records subpoenaed are necessary or relevant to Plaintiff's case, especially since Parks is not a named party and "has nothing to do with the case at bar." Doc. # 121 at 3. In addition, Parks contends that Plaintiff presents no

---

[1] It is unclear, for example, whether the subpoenaed records contain actual text messages, which could be protected.

evidence linking him to criminal or any other activity connected with public officials purportedly involved in this case to justify the subpoenas. Parks adds that Plaintiff fails to demonstrate the burden or expense of obtaining the discovery at issue outweighs the likely benefit, and any benefit is "none, or low at best." Id. Parks then contends that the cell phone records subpoenaed are protected by the attorney-client privilege and work product doctrine because they contain information reflecting his "engage[ment] in active litigation on behalf of several parties," thereby rendering the records unsuitable for the public record or for release to third parties. Parks further contends that Plaintiff could search her own phone records, a far less burdensome and more convenient method, to obtain the information sought. Given such, Parks submits that Plaintiff's subpoenas are "nothing more than an attempt to harass... and intrude upon his privacy... [and] sabotage his career," causing him embarrassment and undue expense.[2] Id. at 4.

In opposition, Plaintiff argues that the subpoenaed cell phone records are relevant because they help establish Parks's "motive... [and] opportunity to corruptly influence public officials to cover up... drugging and sexual assaults... at his parties." Doc. # 124 at 5. Plaintiff further argues that the text message records, while not providing sufficient detail, are relevant because they establish a basis for Plaintiff to ask Parks (and Defendant) targeted questions. Plaintiff also denies that the subpoenaed records are protected by the attorney client privilege or work product doctrine, and concludes that Parks is simply "mak[ing] frivolous arguments." Id. at 7. Parks did not file a reply.

The Court first notes that it originally granted Plaintiff's motion to enforce the subpoenas issued to T-Mobile because T-Mobile, the entity subject to the subpoenas, did not object to Plaintiff's subpoenas but merely expressed a preference with respect to the form of production of Parks's cell phone records. See Doc. # 88. The Court further notes that it is unclear whether Parks was even aware of the subpoenas to T-Mobile, as Parks never filed a motion to quash or modify the subpoenas prior to this Court issuing its order granting Plaintiff's motion to enforce the subpoenas. Therefore, this is the first time the Court is presented with objections to Plaintiff's subpoenas to T-Mobile, and finds it

---

[2] Parks also contends that Plaintiff's "vague and overly broad" subpoenas requesting "all available data" are unreasonably cumulative and duplicative on their face. See Doc. # 121 at 4. However, neither Parks nor Plaintiff has attached a copy of the subpoenas issued to T-Mobile in their pleadings for this Court's review. As such, the Court declines to address this argument proffered by Parks.

appropriate to consider Parks's objections at this time.  See Santamarina, 466 F.3d at 571-72 (court has inherent power to review motions for reconsideration of interlocutory orders and to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment).

According to Plaintiff in her response, Parks's phone records are relevant because they help establish Parks's "motive... [and] opportunity to corruptly influence public officials to cover up... drugging and sexual assaults... at his parties." Doc. # 124 at 5. However, upon review of Plaintiff's amended complaint, the Court finds that the cell phone records subpoenaed have no apparent relevance to Plaintiff's six causes of action. See Doc. # 11. Specifically, Parks is not a defendant in this case and nowhere in her amended complaint does Plaintiff allege a claim or cause of action for conspiracy involving Parks, or present facts demonstrating that Parks was involved in a conspiracy with public officials to harm Plaintiff, thereby justifying the subpoenas. In essence, none of plaintiff's causes of action are connected to Plaintiff's assertions against Parks. See Fed.R.Civ.P. 26(b)(1), Advisory Committee Notes, 2000 Amendments (a court "has the authority to confine discovery to claims... asserted in [Plaintiff's] pleadings). To establish a conspiracy in the state of Nevada, Plaintiff must demonstrate that there was "an agreement between two or more persons for an unlawful purpose." United States v. Chandler, 743 F.3d 648, 653 (9th Cir. 2014) (citing Nunnery v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark, 124 Nev. 477 (2008) (per curiam)); see also Nev. Rev. Stat. § 199.480(1). Plaintiff fails to assert or define this theory in her amended complaint, and fails to allege any facts satisfying the meaning of conspiracy in the state of Nevada. Importantly, Plaintiff cannot now amend her complaint through mere assertions presented in her response to Parks's motion. See Rodriguez v. Kwok, No. C 13-01976 SI, 2014 WL 889570, at *6 (N.D. Cal. Mar. 3, 2014) ("Statements made in an opposition brief cannot amend the complaint."). Moreover, this Court notes that other far less burdensome, less intrusive, and more convenient methods are available to Plaintiff to obtain the information she seeks in support of her claims in her amended complaint.

Because Plaintiff has failed to allege a viable basis for discovering Parks's cell phone records, this Court finds it would be unduly burdensome, and a manifest injustice, for Plaintiff to access Parks's cell phone records. As such, to the extent Plaintiff has already received the cell phone records from T-Mobile, this Court directs Plaintiff to destroy all of the records and submit an affidavit to this Court

within ten (10) days from the issuance of this order attesting to the destruction of these records.[3]

    **c.**    **Protective Order**

Because the Court finds at this juncture that Plaintiff is not entitled to Parks's cell phone records, the Court denies as moot Parks's motion for a protective order.

## CONCLUSION AND ORDER

Based on the foregoing and good cause appearing therefore, **IT IS HEREBY ORDERED** that Parks's Motion for Reconsideration of the Magistrate Judge's Order (doc. # 121) is **granted in part and denied as moot in part**. Plaintiff is directed to destroy the cell phone records received from T-Mobile and to submit an affidavit to this Court **within ten (10) days from the issuance of this order** attesting to the destruction of these records.

DATED: December 12, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[3] Because the Court finds that the cell phone records are irrelevant, the Court does not reach the privilege issue raised in Parks's motion.