UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APRIL ADEMILUYI,<br><br>　　　　　　Plaintiff,<br>　v.<br>DAVID PHILLIPS,<br><br>　　　　　　Defendants. | Case No. 2:14-cv-00507-MMD-CWH<br><br>ORDER |

## I. INTRODUCTION

There are several motions pending before the Court. This Order addresses Plaintiff's motion for reconsideration of United States Magistrate Judge C.W. Hoffman, Jr.'s denial of Plaintiff's motion for recusal ("Motion") (dkt. no. 120), and two related emergency motions ("Emergency Motions") (dkt. nos. 123 & 141). For the reasons discussed herein, these motions are denied.

## II. BACKGROUND

This action arises from an alleged date rape on April 20, 2012, perpetrated against Plaintiff April Ademiluyi by Defendant David Phillips while they were attending an evening event in the hotel suite of Daryl Parks, President of the National Bar Association ("NBA"). (Dkt. no. 1.) Plaintiff and Defendant are attorneys and were attending the NBA's mid-year conference. Plaintiff does not name Parks in the Complaint but she makes allegations suggesting Parks engaged in improper conduct to ensure Defendant was not prosecuted. (*Id.* at ¶ 26.)

The facts relating to the Motion involve Plaintiff's subpoena to T-Mobile for Parks' phone records from April 2012 to April 2013. According to Plaintiff, she filed a motion to enforce subpoena because of T-Mobile's representation that their policy is to send the responsive records to the Court when the requesting party is a *pro se* litigant. (Dkt. no. 96 at 2; dkt. no. 76.) The Magistrate Judge promptly granted her motion ("August 11, 2014, Order"). (Dkt. no. 88.)

Plaintiff subsequently received an email from T-Mobile's counsel regarding a purported *ex parte* communication with the court:

> I spoke with the Court this morning. Judge Hoffman agreed that T-Mobile's intent to withhold production for a short time to allow Mr. Parks an opportunity to intervene is proper and reasonable. A letter will be sent to the Court today to confirm T-Mobile's position.

(Dkt. no. 94-4.) T-Mobile's counsel addressed a letter dated August 13, 2014, to the Magistrate Judge, stating that counsel "had contacted chambers to alert the court to Mr. Parks' objection and desire to seek relief from the August 11, 2014, order and the court indicated that it would be appropriate to allow Mr. Parks a short opportunity to seek relief." (Dkt. no. 94-5.) This letter shows that Plaintiff and Defendant were copied. The Court staff filed this letter on August 15, 2014. (Dkt. no. 97.)

Alarmed by the purported *ex parte* communications with the Magistrate Judge, Plaintiff sought the Magistrate Judge's recusal. (Dkt. no. 94.) The Magistrate Judge explained his concerns about Plaintiff's perception and T-Mobile's counsel's surprising unprofessional conduct:

> The undersigned has spent considerable time reviewing Plaintiff's briefing and agrees with her: the conduct of counsel for T-Mobile in contacting the undersigned's chambers in an attempt to avoid compliance with the Court's order to produce subpoenaed records was improper. Compounding the initial impropriety is counsel for T-Mobile's assertion in an email communication to Plaintiff sent shortly after the Court entered its order granting Plaintiff's motion to compel (#76) inferring that the undersigned withdrew or stayed the order as a result of the attempted *ex parte* communication. *See* Exhibits attached to Pl.'s Mot. (#93). This assertion is incorrect.
>
> Plaintiff is understandably upset. Any litigant in her position would respond precisely as she has in questioning the impartiality of a judge who

2

> allegedly withdrew or stayed an order based on an *ex parte* communication. Plaintiff may rest assured that at no time did the undersigned withdraw, stay, or otherwise alleviate T-Mobile from compliance with the order.
>
> * * *
>
> Shortly after Plaintiff filed her motion to compel (#76), counsel for T-Mobile contacted chambers requesting that she not be put to the effort of filing a formal response to the motion. Instead, she desired to simply produce all responsive documents *in camera* and let the undersigned figure out which were responsive and which were not. T-Mobile's counsel was informed that she would not be permitted to deposit the documents in the undersigned's chambers as requested, and that she should file a response to the motion to compel as is the normal course when served with a motion to compel compliance with Rule 45 subpoena. [fn. The undersigned was surprised to learn that a company as large as T-Mobile, which must receive several Rule 45 subpoenas during the normal course of its business operations, was unable or unwilling to simply file a response to the motion.]
>
> Unable or unwilling to bring itself to file a formal response to the motion, T-Mobile submitted a letter to the Court, which was received in the Clerk's office on August 11, 2013. (#89).
>
> * * *
>
> A couple of days after the order was entered, counsel for T-Mobile contacted chambers a second time and spoke directly with the undersigned. Counsel explained that she had been informed that the non-party whose records had been subpoenaed intended to file an opposition. For the second time, counsel for T-Mobile was instructed to file whatever motion or request for relief she sought in writing on the docket.
>
> * * *
>
> Rather than comply with the simple instruction, T-Mobile misstated, in an email to Plaintiff, the nature of the communications, apparently in an effort to avoid the requirement to comply with the order. She also inferred in the email that the undersigned stayed the order during an *ex parte* communication in order to allow time for resolution of the unfiled opposition. T-Mobile's counsel was incorrect and confused about her obligation to comply with the Court's order. Thus, to the extent it is necessary, the Court will grant Plaintiff's motion to strike the *ex parte* communication (#93).

(Dkt. no. 116 at 2-3.) In sum, T-Mobile's counsel contacted the Magistrate Judge by phone twice. Both times counsel was told quite simply to file her request in writing on the docket. Counsel then brazenly misstated the communications with the court.

### III.   LEGAL STANDARD

LR IB 3-1(a) provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3 where it

3

has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 1-3 states that "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)." The determination of whether a magistrate judge should recuse is not specifically enumerated as an exception under 28 U.S.C. § 636(b)(1)(A). Thus, the Court may only reconsider the Magistrate Judge's order if it is clearly erroneous or contrary to law. See LR IB 3-1(a); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")[1]

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

IV.   **DISCUSSION**

The Magistrate Judge concluded that recusal is not warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455 because Plaintiff's recusal request is premised on the incorrect assumption that the Magistrate Judge engaged in *ex parte* communications.

---

[1] Plaintiff does not appear to dispute this deferential standard of review. She does not dispute that the Magistrate Judge has the final authority to consider her motion for his recusal, nor did she cite the standard of review.

The Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law.

Recusal of a district court judge is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. The standard for recusal under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). "The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." *United States v. Sibla,* 624 F.2d 864, 867 (9th Cir. 1980). Further, the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Studley,* 783 F.2d at 939.

Plaintiff contends that the claimed *ex parte* communications may cause a reasonable person to question the Magistrate Judge's impartially. However, Plaintiff relies on T-Mobile's counsel's representations as to the communications with the Court, which the Magistrate Judge unequivocally verified are inaccurate. The Magistrate Judge's description of the communications with T-Mobile's counsel shows that no improper *ex parte* communications occurred. Indeed, T-Mobile's counsel was given the standard answer provided to counsel who contact chambers staff — whatever relief the party seeks must be submitted in a written motion to be filed with the Court. The Magistrate Judge properly concluded that his impartiality cannot be reasonably questioned because he did not have substantive communications with T-Mobile's counsel — he did not discuss the case with T-Mobile's counsel, advise counsel on how to proceed or address his order.

Plaintiff argues that the Magistrate Judge should have disclosed the *ex parte* communications from T-Mobile's counsel.[2] Again, this argument is premised on the fact that such communications occurred when, in fact, they did not.

---

[2] Plaintiff also complains that the Magistrate Judge admonished her for not following the Local Rules when he did not admonish T-Mobile's counsel for contacting chambers. Plaintiff does not dispute that the Magistrate Judge was correct in his determination that she failed to comply with the Local Rules. Perhaps the Magistrate *(fn. cont...)*

5

...

The Court is not left with a firm conviction that the Magistrate Judge has made a mistake in declining to recuse, and the Magistrate Judge did not apply an incorrect legal standard. A reasonable person with knowledge of the Magistrate Judge's handling of T-Mobile's attempted *ex parte* communications would not conclude that his impartiality might be reasonably questioned. Indeed, in light of T-Mobile's counsel's attempt to communicate with the Court to avoid complying with the Court's order and T-Mobile's subsequent misrepresentation regarding the nature and extent of such communications, it would be inappropriate for the Magistrate Judge to recuse.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Plaintiff's Motion.

It is therefore ordered that Plaintiff's motion for reconsideration (dkt. no. 120) is denied. Plaintiff's two related emergency motions (dkt. nos. 123 & 141) are denied as moot.

DATED THIS 19th day of December 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

(…fn. cont.)
Judge should have admonished T-Mobile's counsel. However, the possibility that he did not so admonish does not necessarily show bias or prejudice against Plaintiff.