UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| APRIL ADEMILUYI, | Case No. 2:14-cv-00507-MMD-CWH |
|---|---|
| Plaintiff, | ORDER |
| v. | (Def's Motion to Dismiss – dkt. no. 42; Plf's Motion to Strike – dkt. no. 56) |
| DAVID PHILLIPS, | |
| Defendant. | |

**I.   SUMMARY**

Before the Court is Defendant David Lee Phillips' Motion to Dismiss (dkt. no. 42) and Plaintiff April Ademiluyi's Motion to Strike (dkt. no. 56). For the reasons set out below, the Motion to Dismiss is denied. The Motion to Strike denied as moot.

**II.   BACKGROUND**

This action arises from an alleged date rape on April 20, 2012, perpetrated against Plaintiff April Ademiluyi by Defendant David Phillips while they were attending an evening event in the hotel suite of Daryl Parks, President of the National Bar Association ("NBA"). (Dkt. no. 11.) Plaintiff and Defendant are attorneys and were attending the NBA's mid-year conference. (*Id.*) Plaintiff also alleges that Defendant initiated a civil proceeding against Plaintiff in Las Vegas, in which Defendant sought a protection order against Plaintiff. (*Id.*)

The Amended Complaint asserts two counts of sexual battery in connection with the alleged date rape. (*Id.*) It also alleges one count of malicious prosecution, one count

of intentional infliction of emotional distress, one count of gross negligence, and one count of negligence in connection with the litigation proceedings in Las Vegas. (*Id.*)

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint

has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

### 2. Analysis

The Motion to Dismiss is two paragraphs long. (Dkt. no. 42.) It sets out the *Iqbal* and *Twombly* standard in the first paragraph and asserts in the second paragraph that "Defendant respectfully submits that the fact that Plaintiff has failed to name any other individual to this action, compounded with the inconceivable allegations against members of the bar and law enforcement, and the disjointed nature of the allegations in the Amended Complaint demonstrate that Plaintiff's claims fail to satisfy the plausibility standard articulated by *Twombly* and *Iqbal*." (*Id.*)

Defendant does not point to any specific examples of allegations in the Amended Complaint that he believes to be implausible, or even identify the claims that he believes are unsupported. The Court will not analyze the Amended Complaint on Defendant's behalf and determine the plausibility of its claims without any argument from Defendant. Broadly speaking, Plaintiff is the master of her complaint and can bring her action against the parties that she chooses. She does not need to name every relevant party as a defendant. The Court fails to understand why Defendant believes that Plaintiff's allegations about being sexually battered and the authorities' refusal to fairly investigate her case are "inconceivable." To the extent that Defendant finds other aspects of the Amended Complaint to be "inconceivable," he does not specify. Nor does the Court understand why Defendant believes the Amended Complaint is "disjointed." The Amended Complaint sets out facts chronologically and then asserts claims for relief.

///

The Court will not supply Defendant's arguments for him. While Defendant does make some specific arguments as to Plaintiff's claims in his reply, such arguments are procedurally improper as Plaintiff was denied an opportunity to address them.

The Motion to Dismiss completely fails to set out the alleged deficiencies in the Amended Complaint and it is therefore denied. Plaintiff's Motion to Strike is denied as moot.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is hereby ordered that Defendant's Motion to Dismiss (dkt. no. 42) is denied. Plaintiff's Motion to Strike (dkt. no. 56) is denied as moot.

DATED THIS 11th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE