UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APRIL ADEMILUYI,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>DAVID PHILLIPS,<br><br>　　　　　　　　　Defendant. | Case No. 2:14-cv-00507-MMD-CWH<br><br>ORDER<br><br>(Def's Objection to Magistrate Judge's Order – dkt. no. 83) |

**I.　SUMMARY**

Before the Court is Plaintiff April Ademiluyi's Objection regarding Magistrate Judge Carl W. Hoffman's order granting Defendant David Phillips' motion for protective order ("Objection"). (Dkt. no. 83.) For the reasons set out below, the Objection is overruled.

**II.　BACKGROUND**

　　**A.　Relevant Fact**

This action arises from an alleged date rape on April 20, 2012, perpetrated against Plaintiff by Defendant while they were attending an evening event in the hotel suite of Daryl Parks, President of the National Bar Association ("NBA"). (Dkt. no. 11.) Plaintiff and Defendant are attorneys and were attending the NBA's mid-year conference. (*Id.*) Plaintiff also alleges that Defendant initiated a civil proceeding against Plaintiff in Las Vegas, in which Defendant sought a protection order against Plaintiff. (*Id.*)

The Amended Complaint asserts two counts of sexual battery in connection with the alleged date rape. (*Id.*) It also alleges one count of malicious prosecution, one count

of intentional infliction of emotional distress, one count of gross negligence, and one count of negligence in connection with the litigation proceedings in Las Vegas. (*Id.*)

### B. Discovery Dispute

On July 8, 2014, Defendant filed a Motion for Protective Order with an attached proposed protective order regarding Defendant's phone records. (Dkt. no. 71.) Defendant's Motion for Protective Order was filed in response to a previous order by Judge Hoffman that instructed the parties to negotiate and propose a stipulated protective order. (Dkt. no. 65.) Plaintiff filed a response to Defendant's motion, indicating that the terms of the protective order were too broad. (Dkt. no. 75.) At a hearing on August 5, 2014, Judge Hoffman granted Defendant's Motion for Protective Order and instructed the parties to stipulate to the protective order drafted by Defendant with two changes. (Dkt. no. 82.)

The next day, Plaintiff filed the instant Objection. (Dkt. no. 83.) Defendant filed a response (dkt. no. 100) and Plaintiff filed a reply (dkt. no. 101).

## III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A decision is "contrary to law" if it applies an incorrect legal standard or fails to consider an element of

the applicable standard. *See Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## IV.   DISCUSSION

As an initial matter, Plaintiff is not clear as to which of Judge Hoffman's orders she is objecting. The Objection does not ask the Court to reconsider any particular order. Instead, it vaguely asks the Court to "reconsider Magistrate Judge Hoffman's final determination of the Defendant's Motion for a Protection Order because the ruling is contrary to law." (Dkt. no. 83 at 1.) Presumably this refers to Judge Hoffman's August 5, 2014, order regarding Defendant's proposed protective order (dkt. no. 82) and not Judge Hoffman's order directing the parties to negotiate and file a stipulated protective order (dkt. no. 65). The latter order cannot be objected to under LR IB 3-1 because it was entered more than fourteen (14) days before the instant Objection was filed. *See* LR IB 3-1(a).

Plaintiff objects to Judge Hoffman's decision to issue a "protective order prohibiting public dissemination of only the relevant portions of the Defendant's phone records . . . ." (Dkt. no. 83 at 9.) Plaintiff argues that Judge Hoffman made such a determination without finding "good cause" to do so. (*Id.*)

Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. *In San Jose Mercury News, Inc. v. United States District Court–Northern District (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999), the court said, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Fed. R. Civ. P. 26(c) authorizes a district court to override this presumption where 'good cause' is shown." Rule 26(c)

states that "[u]pon motion by a party or by a person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In his August 5, 2014, order, Judge Hoffman stated that he found "good cause to protect the defendant's privacy concerns about his personal telephone and his commercial concerns about his business telephone numbers." (Dkt. no. 139 at 18.)[1] The challenged provision of the protective order requires confidential materials to be filed under seal. (*Id.* at 13.) Plaintiff raised her concern that Defendant has not demonstrated "how he would be harmed if the public is able to see that he is communicating with other potential defendants or even potential witnesses in this case in his phone records." (*Id.* at 14.) Judge Hoffman stated in response that, in the event Plaintiff discovers a phone number that is relevant to a filing with the Court, she can file it under seal and then move to unseal. (*Id.* at 16-17.)

Plaintiff perplexingly raises this same concern again, arguing that Defendant failed to "show specific examples of harm he will suffer if only the relevant portions of his phone records that show he and others were involved in a conspiracy with public officials to cover up the sexual assault committed upon the Plaintiff and Jane Doe." (Dkt. no. 83 at 9.) The Court struggles to understand Plaintiff's argument. The Court reads Plaintiff's argument to be that the protective order should not apply to confidential material that would be relevant to her lawsuit. Judge Hoffman appeared to agree and indicated that a phone number may be relevant and the protective order could be then modified to allow that number into the public record. (Dkt. no. 139 at 16-17.) Indeed, the Ninth Circuit is

---

[1] He first made this determination in his initial order directing the parties to file a protective order. (*Id.* at 7.) As previously stated, Plaintiff does not object to that order.

4

clear that blanket orders of protection "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc.*, 187 F.3d at 1103 (citations omitted). Defendant could not make such a particularized showing on August 5, 2014, because the so-called "portions of his phone records that show he and others were involved in a conspiracy with public officials to cover up the sexual assault committed upon the Plaintiff and Jane Doe" were purely hypothetical.

The Court finds that Judge Hoffman's August 5, 2014, ruling was not contrary to law or clearly erroneous. Judge Hoffman applied the correct legal standard and determined, in his discretion, that there was good cause to issue a protective order. Defendant was not required to make a particularized showing of good cause as to portions of his phone records that may not exist. In the event that Plaintiff discovers relevant phone records that she wants to make publicly available in connection with a filing, she may file it under seal and move to unseal pursuant to the standards in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) as Judge Hoffman instructed. (Dkt. no. 139 at 16-17.)

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Objection.

It is hereby ordered that Plaintiff's Objection (dkt. no. 83) is overruled.

DATED THIS 26th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE