UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| APRIL ADEMILUYI,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>DAVID PHILLIPS,<br><br>　　　　　　　　　　Defendant. | Case No. 2:14-cv-00507-MMD-CWH<br><br>ORDER<br><br>(Def's Motion for Summary Judgment – dkt. no. 136) |

**I.　SUMMARY**

Before the Court is Defendant David Phillips' Motion for Summary Judgment ("Motion"). (Dkt. no. 136.) The Court has reviewed Defendant's Motion as well as Plaintiff's response (dkt. no 143) and Defendant's reply (dkt. no 149). For the reasons set out below, Defendant's Motion is granted in part and denied in part.

**II.　BACKGROUND**

Plaintiff April Ademiluyi filed a verified Amended Complaint in the U.S. District Court for the District of Maryland on March 5, 2013. (Dkt. no. 11.) The case was subsequently dismissed and transferred to this District. The following facts are taken from the Amended Complaint.

Plaintiff alleges that on April 20, 2012, Defendant drugged and raped her at a National Bar Association conference in Tampa, Florida. Plaintiff also alleges that in September of 2013, Defendant falsely reported to the Las Vegas Metropolitan Police Department that Plaintiff was harassing him. Defendant sought a temporary protective order from the Las Vegas Justice Court. The parties then litigated that protective order for months, until Defendant finally withdrew his request.

The Amended Complaint asserts the following claims: (1) battery based on Defendant's alleged drugging of Plaintiff; (2) battery based on Defendant's alleged rape of Plaintiff; (3) malicious prosecution based on Defendant's attempt to secure a temporary protective order; (4) intentional infliction of emotional distress ("IIED"); (5) gross negligence based on Defendant's reports to Nevada police and courts; and (6) negligence based on the same. (Dkt. no. 11, ¶¶ 79 – 123.)

## III. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

## IV.   DISCUSSION

### A.   Battery Claims

A federal district court exercising diversity jurisdiction typically applies the substantive law of the state in which the controversy has arisen. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Plaintiff alleges that Defendant drugged and raped her in Tampa, Florida. Consequently, Plaintiff's battery claim sounds in Florida tort law.[1] "In order to establish a claim of battery under Florida law, the following elements must be proven: (1) the intent to cause a harmful or offensive contact with another person; and (2) an offensive contact that directly or indirectly results." *Brown v. J.C. Penney Corp.*, 521 F. App'x 922, 923-24 (11th Cir. 2013) (citing *Chorak v. Naughton,* 409 So.2d 35, 39 (Fla. Dist. Ct. App.1981)). Unwelcome sexual contact is "harmful or offensive." *See, e.g., Loos v. Club Paris, LLC*, 684 F. Supp. 2d 1328, 1335 (M.D. Fla. 2010) (allegations of unwelcome touching and sexual advances state a claim for battery under Florida law).

///

---

[1] Plaintiff discusses Florida Criminal Statutes at length while Defendant cites one California appellate court case. This is a civil suit for a tort that occurred in Tampa. Hence the correct body of controlling law is Florida common law.

Plaintiff has provided evidence in the form of a verified complaint, a declaration, and several exhibits to establish the essential elements of her battery claims.[2] She has provided testimony through her declaration that she woke up in Defendant's hotel room in pain and with little recollection of the night before (dkt. no. 143-1), medical records documenting physical and psychological trauma shortly after the alleged rape (dkt. no. 1-4), and a number of communications between her and Defendant relating to Defendant's alleged conduct (*id.*). Plaintiff's proffered evidence, viewed in the light most favorable to Plaintiff as the non-moving party, provides a basis upon which a reasonable juror could infer that Defendant intended to drug and rape Plaintiff and actually did so.

Defendant argues that a single text message Plaintiff sent him, in which she stated, "I believe you didn't drug me. I also believe that you didn't know how bad my intoxication was which means it wasn't rape," is sufficient to overcome Plaintiff's contradictory evidence as a matter of law. (Dkt. no. 136 at 5.) However, the purported contradictory evidence is offered in Plaintiff's sworn declaration and verified Amended Complaint. At best, a prior statement in a text message may be used to impeach Plaintiff at trial, but cannot be offered to negate the existence of a material issue of fact in support of summary judgment. *Cf. Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 15 F. Supp. 3d 1116, 1127 (W.D. Wash. 2014) ("The fact that the final report may contain different or contrary conclusions from the draft report does not abnegate the issue of fact created thereby."). Indeed, this is exactly the type of evidence that a fact-finder must weigh. A reasonable juror may find the text message to be a candid admission that Defendant did nothing wrong, or she may believe Plaintiff's explanation:

---

[2] A verified complaint may be used as an opposing affidavit under Rule 56. *McElyea v. Babbitt,* 833 F.2d 196, 197–98 (9th Cir.1987) (per curiam). To function as an opposing affidavit, however, the verified complaint must be based on personal knowledge and set forth specific facts admissible in evidence. Fed.R.Civ.P. 56(e); *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). Plaintiff has also provided an anonymous declaration, to which Defendant objects. The Court need not address the issue of the anonymous declaration, because Plaintiff has provided sufficient evidence without it.

4

the message was a tactic to elicit more information from Defendant. Viewing this evidence in the light most favorable to Plaintiff as the non-moving party, the single text, in the context of the many more messages maintaining that Defendant drugged and raped Plaintiff, creates a material issue of fact as to whether Defendant's sexual contact with Plaintiff was unwelcome and offensive to establish battery.

Defendant in his reply brief generally argues that Plaintiff's declaration is improper because it fails to comply with Rule 56(c)(4)'s requirements of personal knowledge and testimonial competence. Defendant does not cite to any specific paragraphs or make a more exact argument as to why a given statement should be disallowed. As a general principle, the declarations submitted by a party opposing summary judgment are treated more indulgently than the moving party's papers. *See Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (citing *Lew v. Kona Hosp.,* 754 F.2d 1420, 1423 (9th Cir.1985)). While some statements in Plaintiff's declaration appear to lack a foundation in personal knowledge, several relevant portions are simply testimony of Plaintiff's experiences, whereabouts, and impressions. (Pl.'s decl., dkt. no. 143-1 ¶¶ 4, 5, 7-9). A court may consider proper parts of a declaration while it discounts improper parts. *See, e.g.*, *Strand v. Gen. Elec. Co.*, 945 F. Supp. 1334, 1343 (D. Haw. 1996). The supported portions of Plaintiff's declaration assert that Plaintiff experienced memory loss after attending a reception on the night of April 20, 2012, and woke up in Defendant's room in pain the next day. They also describe Plaintiff's interactions with Defendant before and after the alleged rape. This testimony is consistent with Plaintiff's allegations. Considered with the other evidence in the record, Plaintiff's testimony creates genuine issues of material fact for a jury to resolve.

Defendant further argues that Plaintiff violated LR 15-1(a) when she failed to attach the exhibits in her original Complaint to her Amended Complaint. LR 15-1(a) requires a party amending its pleadings to include all exhibits so that the amended pleading will be complete in itself, without reference to the superseded pleading. Plaintiff attached exhibits to her original Complaint, but did not attach them to her Amended

1  Complaint, even though she referenced them in her Amended Complaint. However, Plaintiff's Amended Complaint was filed in the District of Maryland before the case was transferred to this District. Maryland's local rules specifically instruct plaintiffs to attach only new exhibits to their amended pleadings. LAR 6(b). Plaintiff's Amended Complaint does not violate LR 15-1(a).

Defendant has failed to show that there are no genuine issues of material fact as to Plaintiff's battery claims. Summary judgment on the battery counts (counts I and II) is therefore denied.

### B. Malicious Prosecution Claim

Plaintiff claims that Defendant is liable for the tort of malicious prosecution because he lied in order to obtain a protective order against her in Nevada. Once again, Nevada common law controls this claim. *Erie,* 304 U.S. at 78. "[T]he elements of a malicious prosecution claim are: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002)

Defendant correctly argues that Nevada does not recognize a malicious prosecution claim absent criminal proceedings. *Id.* at 879-80. Defendant sought a civil protective order. Plaintiff has not and cannot establish facts to show that she was the target of criminal proceedings in Nevada. The Court will grant summary judgment on Plaintiff's malicious prosecution claim.

However, the Court notes that Plaintiff may be able to state a claim for abuse of process. "Abuse of process can arise from both civil and criminal proceedings." *LaMantia,* 38 P.3d at 879. The Court will grant Plaintiff leave to amend her complaint to assert a claim for abuse of process.

### C. IIED Claim

Defendant argues that Plaintiff's assertions in her Amended Complaint and declaration are insufficient as a matter of law to establish an IIED claim. Plaintiff claims Defendant's alleged rape and his subsequent attempt to cover up his sexual violence

and discredit her has caused her "severe disabling emotional distress." (Dkt. No. 11, ¶¶ 104-113.) Florida law controls the IIED claim as it relates to the rape.[3] *Erie,* 304 U.S. at 78. Florida has adopted the Restatement (Second) of Torts (1965)'s definition of IIED: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *E. Airlines, Inc. v. King*, 557 So. 2d 574, 575-76 (Fla. 1990).

Here, the alleged rape satisfies the "outrageous conduct" element of IIED under Florida law. Plaintiff has provided evidence supporting her assertion that she was diagnosed with a depression as a result of the alleged rape. (Dkt. no. 1-4.) Plaintiff has thus demonstrated that genuine issues of fact exist for trial.

### D. Negligence and Gross Negligence Claims

Plaintiff alleges that Defendant intentionally made false statements under oath to Nevada authorities and "intentionally dragged the protection order proceedings out for almost four months," with the intent to "inflict severe emotional injury on [Plaintiff] for speaking out about the sexual battery he committed upon her." (Dkt. no. 11, ¶¶ 115-23.) Commencing these proceedings in bad faith, Plaintiff argues, amounts to "wanton and reckless disregard for [Plaintiff's] rights." (*Id.* at ¶115.) This Court construes Plaintiff's

///

---

[3]To the extent Plaintiff's IIED claim is based on Defendant's pursuit of the protective order in Nevada, she has failed to offer sufficient evidence to support this claim. Nevada's requirements for IIED are nearly identical to Florida's. Nevada law requires a plaintiff to establish, "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981). A plaintiff must show severe or extreme emotional distress through "objectively verifiable indicia." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998). Brief assertions of depression or stress in declarations or depositions are insufficient to raise genuine issues of material fact. *Id.* Plaintiff has not provided any such evidence of severe or extreme emotional distress. While the Amended Complaint generally alleges emotional distress caused by Defendant's conduct, Plaintiff's declaration and evidence offered in opposition to Defendant's Motion does not offer sufficient evidence of severe and emotional distress through "objectively verifiable indicia" to satisfy Plaintiff's burden under Nevada law.

7

claim to refer to both the act of seeking a protective order, and the statements and behavior during the litigation over the protective order.

In order to prevail on a traditional negligence theory, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. *Bearden v. Boulder City*, 507 P.2d 1034 (Nev. 1973). It is a heedless and palpable violation of legal duty respecting the rights of others. *Id.*

Defendant argues that any action he took in relation to securing a protective order is immune from civil suit because of Nevada's common law rule protecting communications during judicial proceedings. Plaintiff counters that the privilege is meant to protect attorneys representing clients, that Defendant's statements "go beyond false statements made in judicial proceedings" because he spoke with police, and that Defendant was not acting on behalf of a client, rather he was acting in bad faith in an attempt to harm Plaintiff. (Dkt. no. 143 at 10-11.)

In essence, Plaintiff's negligence claims are an alternative attempt to hold Defendant responsible for allegedly commencing legal actions against her in bad faith, and acting maliciously during the course of litigation.

### 1. *Seeking a protective order in bad faith*

Plaintiff asserts that Defendant "had a duty not to commit perjury and bring frivolous claims before a tribunal." (Dkt. no. 11, ¶ 121.) She claims Defendant breached that duty, causing her severe emotional distress. (*Id.* ¶ 123.)

Bad faith litigation is typically punished through sanctions, fee shifting, assessing costs, and the tort of abuse of process. Plaintiff has not provided, nor could the Court find, any legal authority showing Nevada, or any other jurisdiction, recognizes the bad faith commencement of judicial proceedings as negligence.

///

### 2. *Conduct during litigation*

As both parties recognized in their briefs, Nevada's litigation privilege is interpreted liberally. "The litigation privilege immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious." *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 902 (Nev. 2014). The privilege clearly extends to "statements made with knowledge of falsity and malice." *Blaurock v. Mattice Law Offices*, No. 64494, 2015 WL 3540903, at *1 (Nev. App. May 27, 2015). "The scope of the absolute privilege is quite broad," and "courts should apply the absolute privilege liberally, resolving any doubt in favor of its relevancy or pertinency." *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002). The privilege extends to statements made to police before the initiation of judicial proceedings. *See id.* at 433, ("[T]he privilege applies not only to communications made during actual judicial proceedings, but also to communications preliminary to a proposed judicial proceeding"). It is also not limited to attorneys. *See Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014) ("[T]he privilege applies to communications made by either an attorney or a nonattorney.").

In regards to Defendant's behavior after the initiation of the proceedings, Defendant correctly argues that reckless and even knowingly false statements made during judicial proceedings cannot be the basis for civil liability.

For these reasons, Plaintiff's claims of negligence and gross negligence fail as a matter of law. Summary judgment on these two claims will be granted.

However, as the Court noted, Plaintiff's allegations that Defendant initiated and maintained the civil action seeking a protective order in bad faith may support a claim for abuse of process.

### V. LEAVE TO AMEND

Plaintiff did not seek leave to amend. However, because the Court "should freely give leave to amend when justice so requires" and because of Plaintiff's pro se status,

///

///

the Court will grant Plaintiff leave to amend to assert a claim for abuse of process.[4]  *See* Fed. R. Civ. P. 15(a)(2); *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995) ("unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Plaintiff has fifteen (15) days to file an amended complaint. If Plaintiff chooses to file an amended complaint she is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal); LR 15-1(a). Plaintiff's amended complaint must contain all claims, defendants, and factual allegation that Plaintiff wishes to pursue in this lawsuit.

## VI.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

Defendant's Motion for Summary Judgment is granted with respect to counts III, V and VI, and denied with respect to counts I, II, and IV.

///

---

[4]While Plaintiff is a licensed attorney, she is proceeding *pro se* in this case.

Plaintiff has fifteen (15) days to file an amended complaint to assert a claim for abuse of process, if she chooses to do so.

DATED THIS 2nd day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE